THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS KRYGSHELD, Defendant-Appellant.

Third District    No. 78-162

Opinion filed September 7, 1979.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Thomas Krygsheld, was charged with driving a motor vehicle with no operating taillights and for knowingly driving a motor vehicle with a suspended license. After a jury trial in the circuit court of Will County, the defendant was found guilty of both offenses and was sentenced to two years court supervision, in addition to being fined

$250 plus costs for driving with a suspended license and $25 plus costs for driving without taillights. The payment of the fines and costs were made conditions of his supervision.

Initially, a public defender was appointed to represent the defendant at the trial level, but the appointed counsel was allowed to withdraw after the defendant filed a *pro se* motion for "choice of counsel or/and co-counsel." Subsequently, the defendant proceeded *pro se.*

When the cause was called for trial, before proceeding further, the trial court advised the defendant that his interest would be better served if he was represented by an attorney, and asked the defendant if he would like to continue the matter for purposes of securing an attorney. Indicating that, because the appointed attorneys withdrew, he felt he must continue to defend himself, the defendant informed the trial court that he was indigent and unemployed. However, to a direct question by the trial court as to whether he wanted to proceed as his own counsel the defendant replied, "Yes, your Honor."

Yet, in both pretrial and post-trial motions, the defendant objected to his lack of representation. In a pretrial motion which the trial court considered a motion to dismiss, the defendant stated he was "being forced to defend himself" but declared he was not waiving any of his constitutional rights. In the defendant's post-trial motion he maintained that he did not dismiss the appointed counsel and that he believed he was being denied the effective assistance of counsel.

The issue in this appeal, as framed by the defendant, is whether he effectively waived his right to counsel. Initially, however, it must be determined whether the defendant had a right to have counsel appointed.

The United States Supreme Court, in upholding a recent Illinois Supreme Court decision, has stated that, under the sixth and fourteenth amendments to the Constitution of the United States, an indigent criminal defendant cannot be sentenced to a term of imprisonment unless that defendant has been afforded the right to assistance of appointed counsel. (*Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158.) In so holding, the United States Supreme Court refused to apply the sixth and fourteenth amendments in favor of a defendant who merely received a fine upon conviction.

The defendant in his brief concedes that under the authority of the *Scott* case appointment of counsel was not required. However, the defendant argues that once counsel was provided, the defendant had a right to rely on appointed counsel. Neither of the cases cited by the defendant to support this conclusion are applicable. *Douglas v. California* (1963), 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814, involves the right of indigent defendants sentenced to imprisonment for 13 felony convictions to have appointed appellate counsel. In *Mayer v. Chicago* (1971), 404

U.S. 189, 30 L. Ed. 2d 372, 92 S. Ct. 410, the indigent defendant was wrongly denied a free transcript of proceedings for purposes of appeal merely because he was found guilty of an ordinance violation rather than a felony.

According to *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, where appointment of counsel was not required, the question of waiver does not arise and this is true even where as in *Scott* the question of the right to counsel depended on the nature of a subsequent act, *i.e.*, the imposition of a penalty. Under these circumstances we believe it is immaterial whether counsel was initially appointed and no subsequent counsel appointed upon withdrawal, or whether there was a failure to appoint counsel in the first instance. In either case since no penalty of imprisonment was imposed this circumstance negated the existence of any right to the appointment of counsel.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.